# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:25-cv-03840

**SHAWN ALLEN**

    Plaintiff,

v.

**REGIONAL TRANSPORTATION DISTRICT - RTD**

    Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Regional Transportation District – RTD ("RTD"), by and through its attorneys, hereby respectfully request removal of the above-entitled action to this Court, pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 1441(a) and, in support, states as follows:

1. On October 13, 2025, Plaintiff Shawn Allen filed his Complaint in the District Court for the City and County of Denver, naming RTD as the defendant, and captioned as *Shawn Allen v. Regional Transportation District - RTD*, Case No. 2025CV800. See Ex. A, State Court Complaint.

2. Plaintiff served Defendant with the Complaint and Civil Summons on October 29, 2025. Ex. B, Affidavit of Service.

3. On November 11, 2025, RTD filed its First Unopposed Motion for Enlargement of Time to Respond to Plaintiff's District Court Complaint, requesting a 21-day enlargement of time up to and including December 10, 2025. Ex. C, RTD's First Unopposed Motion for Enlargement of Time to Respond to Plaintiff's District Court Complaint

4. On November 13, 2025, the District Court for the City and County of Denver granted RTD's First Unopposed Motion for Enlargement of Time to Respond to Plaintiff's District Court

Complaint, requesting a 21-day enlargement of time up to and including December 10, 2025. Ex. D, State Court Order re: RTD's First Unopposed Motion for Enlargement of Time to Respond to Plaintiff's District Court Complaint.

5. Plaintiff's claims concern allegations of disability and race-based discrimination, and arise under both state law, under the Colorado Anti-Discrimination Act ("CADA"), and federal law, under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1981. Ex. E, Exhibit to State Court Complaint, ¶1.

6. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the…laws…of the United States." Plaintiff's ADA and § 1981 claims arise under the laws of the United States, and therefore this Court has original jurisdiction over them.

7. Because this Court has original jurisdiction over Plaintiff's federal claims and embraces the City and County of Denver, this case is removable by defendants to this Court. 28 U.S.C. § 1441(a).

8. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims because Plaintiff's state law claims are "so related to Plaintiff's federal law claims that they form the part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

9. Plaintiff explicitly brings his "Claim One," "Claim Three" under both state law and federal law. Ex. E, at Claim One, ¶ 1; Claim Three, ¶ 3. Based on the alleged facts, Plaintiff's remaining claims could fall under both state law and federal law. *See generally* Ex. E.

10. Further, Plaintiff relies on many of the same facts for his state law claims that he relies on for his claims arising under federal law. *See generally* Ex. E.

11. Moreover, Plaintiff's state law claims neither raise novel or complex issues of state law nor substantially predominate over his federal claims. 28 U.S.C. § 1367(c)(1-2).

12. Thus, Plaintiff's state law claims are so related to his federal law claims that they form part of the same case or controversy thereby permitting this Court to exercise supplemental jurisdiction over them.

13. Pursuant to 28 U.S.C. § 1446(a), RTD files a copy of all process, pleadings, and orders served upon RTD in the State Court action with its above statement of the grounds for removal. *See* Ex. A-K.

14. Pursuant to 28 U.S.C. § 1446(b), Defendant properly files this notice of removal of a civil action within 30 days after its receipt of Plaintiff's Complaint.

15. Therefore, this action is now properly removed to this Court pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 1441(a)

16. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a written notice and a copy of this Notice of Removal with the state court and give all adverse parties notice thereof.

17. Pursuant to Local Rule 81.1(b), Defendant will file a current docket sheet and will separately file each pending motion, petition, and related response, reply, and brief no later than 14 days after the filing of this Notice of Removal.

WHEREFORE, Defendants respectfully request that the above-entitled action now pending in the District Court for the City and County of Denver in the State of Colorado, Case No. 2025CV800, be removed to this Court.

Submitted this 26th day of November 2025.

                **REGIONAL TRANSPORTATION DISTRICT**

                <u>*s/ Jared McCauley*</u>
                Jared McCauley, Associate General Counsel
                Regional Transportation District
                1660 Blake Street
                Denver, CO 80202
                Phone: (303) 299-2210
                jared.mccauley@rtd-denver.com
                *Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of November, 2025, a true and correct copy of the foregoing **DEFENDANT REGIONAL TRANSPORTATION DISTRICT'S NOTICE OF REMOVAL** was served on the following parties via the method indicated below, properly addressed as follows:

| | |
|---|---|
| Shawn Allen, Pro Se<br>4455 East 12th Ave<br>Denver, CO 80220 | ☐ by First Class U.S. mail, with enclosures<br>☐ by Hand Delivery<br>☐ by Facsimile<br>☒ **by e-mail** |

*s/ Jared McCauley*
Jared McCauley, Associate General Counsel
Regional Transportation District
1660 Blake Street
Denver, CO 80202
Phone: (303) 299-2210
jared.mccauley@rtd-denver.com
*Attorney for Defendants*